UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
97 NOV 13 PM 4:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARY ANNE SIMS, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV96-S-2251-NE
)
MORGAN COUNTY COMMISSION, )
)
    Defendant. )

ENTERED
NOV 13 1997

## MEMORANDUM OPINION

Mary Anne Sims alleges that the Morgan County Commission discriminated against her because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq. The action presently is before the court on six motions[1] with three objectives: defendant seeks to strike certain of plaintiff's evidentiary submissions submitted in opposition to summary judgment, while plaintiff seeks to supplement her evidentiary submissions and strike defendant's reply brief.

### I. DEFENDANT'S MOTION TO STRIKE EVIDENTIARY SUBMISSIONS

#### A. Plaintiff's Additional Evidentiary Submissions

Plaintiff filed motions to supplement evidentiary submissions on August 29, 1997 and September 2, 1997, and attached her proposed evidence thereto. Defendant moves to strike those submissions as untimely, because this court's July 31, 1997 submission order set

---

[1] Defendant's motion to strike plaintiff's evidentiary submissions; plaintiff's motion to supplement evidentiary submissions; plaintiff's second motion to supplement evidentiary submissions; defendant's motion to strike plaintiff's supplemental submissions; plaintiff's motion to strike defendant's reply brief; and, plaintiff's motion to deny defendant's motions to strike.

33

an August 22, 1997 deadline for plaintiff's evidentiary submissions. The court agrees that plaintiff's additional submissions are untimely, and the motion to strike is due to be granted. The corresponding motions to supplement accordingly are due to be denied.

### B. Hearsay Contained in Mary Anne Sims's Affidavit

In opposition to summary judgment, plaintiff submitted a self-serving affidavit which conveyed hearsay statements attributable to Paulette Williams[2] and Francis Daniel.[3] Defendant moves to strike that hearsay. Plaintiff correctly argues, however, that hearsay statements in an affidavit may be considered at the summary judgment stage if they can be reduced to admissible form at trial. *E.g., McMillian v. Johnson*, 88 F.3d 1573, 1584-85 (11th Cir. 1996), aff'd, ___ U.S. ___, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *Pritchard v. Southern Company Services*, 92 F.3d 1130, 1135, modified, 102 F.3d 1118 (11th Cir. 1996). The hearsay in plaintiff's affidavit would be admissible if Williams or Daniel testified at trial. Thus, the motion to strike those portions of plaintiff's affidavit is due to be denied.

### C. Proposed Affidavit of Paulette Williams

Plaintiff's evidentiary submission number two is an unsigned, unsworn "affidavit" attributed to Paulette Williams and "reflecting

---

[2] Williams is the North Alabama Coordinator for the State of Alabama Emergency Management Agency.

[3] Daniel is the Manager of the Emergency Preparedness State and Local Programs of the Tennessee Valley Authority.

2

statements affiant will testify to and [which] shall be resubmitted upon execution." ("Plaintiff's evidentiary submissions in opposition of summary judgment" at 2.) Defendant moves to strike that document as unsworn and unauthenticated.[4] The court grants the motion, and strikes the purported affidavit of Paulette Williams.

D. **Motion to Strike Unsworn and Unauthenticated Evidence**

Defendant moves to strike plaintiff's evidentiary submissions numbered three through twelve,[5] because they are unauthenticated and unsworn as required by Rule 56(e), *Fed. R. Civ. P.* Plaintiff admits the documents are unauthenticated and unsworn, but argues that they were produced to her by defendant. Thus, plaintiff claims that the mere act of production by defendant authenticated those documents. Plaintiff produces no authority to support her argument, however.

---

[4]The court also notes that the proposed affidavit is not made by Paulette Williams. Rather the person appearing before the notary public is "Mary Anne Sims, a resident of Morgan County, Alabama."

[5]Those exhibits are: (3) Classification Specification: Deputy Director - Emergency Management Agency; (4) Supplement No. 17 to the Agreement between TVA and State of Alabama / Contract No. TV - 62313A; (5) April 18, 1996 letter from Morgan County Commission to Mary Anne Sims; (6) July 20, 1989 letter from J. Danny Cooper to J. Howard Proctor; (7) Merit System Rules and Regulations for Local Emergency Management Agency under contract with the State of Alabama Personnel Department; (8) May 1, 1987 letter from Jerry S. Barrington to Lucille Lindsay regarding creation of the position of emergency local planner; (9) February 26, 1988 memorandum from J. Howard Proctor to Larry Bennich regarding Fred Keeney's progressive increase in salary; (10) September 16, 1994 memorandum from J. Howard Proctor to Larry Bennich regarding 1995 salary increases; (11) October 9, 1990 memorandum to local EMA director/coordinators from Audrey G. Crutchfield regarding merit system pay plan; (12) January 29, 1992 memorandum to local emergency management coordinators from Phillip L. Hicks regarding personnel policies and procedures; (13) August 20, 1987 letter from Thomas G. Flowers to J. Danny Cooper regarding the creation of the emergency management local planner position.

3

This circuit holds that all exhibits must be authenticated before they may be considered at the summary judgment stage. *See First National Life Insurance Company v. California Pacific Life Insurance Company*, 876 F.2d 877, 881 (11th Cir. 1989); *White v. Wells Fargo Guard Services*, 908 F. Supp. 1570, 1579 (M.D. Ala. 1995); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 911 (M.D. Fla. 1995)("for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment rule"); *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993); *aff'd*, 42 F.3d 645 (11th Cir. 1994)("In order for a document to be considered in support of or opposition to a motion for summary judgment it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence"). Accordingly, defendant's motion to strike exhibits three through thirteen is due to be granted.

### II.  PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY BRIEF

Plaintiff moves to strike defendant's reply brief, because this court's submission order of July 31, 1997 contained no provision for such a reply. Indeed, no provision for reply briefs was included in the order, and none was intended. Further, defendant did not request leave of court for filing the brief beyond the date specified in the submission order. Therefore,

plaintiff's motion to strike defendant's reply brief is due to be granted.

### III. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 13th day of November, 1997.

---
United States District Judge